UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMIE MONKS and MICHAEL PASHKO, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WALGREEN EASTERN CO., INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO.: 1:25-cv-12004-MJJ |

**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

### I.　　INTRODUCTION

1.　　Employers in Massachusetts must pay their employees weekly, bi-weekly, or semi-monthly. *See* Massachusetts Wage Act (the "Wage Act"), M.G.L. c. 149 § 148. By imposing this requirement, the Wage Act ensures that employees shall receive all of their earned wages within six days of the the pay period in which they worked.[1] *Id.*

2.　　The Supreme Judicial Court has held that these strict requirements are intended to protect employees, who are dependent "upon the prompt payment of their wages." *Commonwealth v. New York Cent. & H.R.R.R. Co.*, 206 Mass. 417, 424 (1910). The Court has also observed that even "a minor violation" of these requirements can have "severe financial consequences" for employees in the Commonwealth. *Reuter v. City of Methuen*, 489 Mass. 465, 468 (2022).

3.　　As a result, employers who violate these rules and fail to pay their employees

---

[1] The only exception to this requirement is that some administrative or professional employees may be paid once per month, if they specifically "elect" this method of payment "at [their] own option." M.G.L. c. 149 § 148.

1

within the deadlines required by the Wage Act owe their employees damages in an amount equal to three times their unpaid and/or late paid wages, plus interest, attorneys' fees, and costs. *See* M.G.L. c. 149 § 150; *see also Reuter v. City of Methuen*, 489 Mass. 465 (2022). Here, Defendant, Walgreen Eastern Co., Inc. ("Defendant" or "Walgreens"), maintains a policy of paying its salaried employees only once per month, on the 26th day of each month, even though these employees did not elect to be paid monthly. *See* M.G.L. c. 149 § 148. Defendant is required to pay its salaried employees no less frequently than semi-monthly and within six days of the termination of the pay period in which such wages were earned. *Id.* Defendant's policy results in all wages earned in the first half of each month being paid approximately five days late, in violation of the Wage Act. *Id.*

4. Defendant's illegal payroll policies have resulted in late payment and the unlawful withholding of millions of dollars in wages over the last three years, causing harm to Plaintiffs, Jamie Monks ("Plaintiff Monks") and Michael Pashko ("Plaintiff Pashko") (collectively, "Plaintiffs"), and all other similarly situated salaried Massachusetts employees (the "Class") (as defined below in Section V ¶ 17).

## II.   PARTIES

5. Defendant, Walgreen Eastern Co., Inc., is a pharmacy and store chain, registered in Massachusetts as a New York corporation, with a principal office located at 108 Wilmot Road, Deerfield, IL 60015. Defendant has operated more than 180 Walgreens locations in Massachusetts during the period of the claim.

6. Defendant is a subsidiary of Walgreens Boots Alliance, Inc., which is "one of the largest retail pharmacy, health and daily living destinations across the United States and Europe

with sales of $147.7 billion in fiscal 2024.)"[2]

7.  Plaintiff Jamie Monks is an adult resident of Middlesex County, Massachusetts.

8.  Plaintiff Michael Pashko is an adult resident of Worcester County, Massachusetts.

### III.   JURISDICTION

9.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331 *et seq*.

10. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. sec. 1391(b).

11. On June 10, 2025, Plaintiff Monks received authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue his claims for late paid wages, on behalf of himself, and on behalf of all other similarly situated employees, against Defendant. Plaintiff Monks' Private Right of Action Authorization is attached as Exhibit A.

12. On September 2, 2025, Plaintiff Pashko submitted a request for authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue his claims for late paid wages, on behalf of himself, and on behalf of all other similarly situated employees in Massachusetts, against Defendant. Plaintiff Pashko's Private Right of Action Authorization letter is forthcoming.

### IV.   FACTS

13. Defendant employed Plaintiff Monks at its 530 Somerville Ave., Somerville, MA 02143 location beginning in or about 2020. In or around March 2023, Defendant promoted Plaintiff Monks to the salaried position of Store Manager, in which capacity he earned an annual

---

[2] *Walgreens Boots Alliance, Inc.* 2024 Form 10-K, p. 1, available at https://investor.walgreensbootsalliance.com/static-files/503eb8a7-cc54-446f-ba70-3460819aad71 (last visited June 11, 2025).

salary of approximately $60,000. On September 3, 2025, Plaintiffs Monks separated voluntarily from employment with Defendant.

14. Defendant employed Plaintiff Pashko beginning in or around June 2002. In or around July 2022, Defendant promoted Plaintiff to the salaried position of Director of Pharmacy and Retail Operations at Defendant's Marlborough, MA location, which position he held until his separation on or around November 1, 2023.

15. At all times relevant to this action, Defendant paid Plaintiffs and the Class on a monthly basis, on the 26th day of the month, for work performed during that month. At no point did Defendant paid Plaintiffs bi-weekly or semi-monthly on a salary basis.

16. Defendant never offered Plaintiffs and the Class an opportunity to elect to receive payment on a weekly, bi-weekly, or semi-monthly basis. Further, neither Plaintiffs nor the Class ever elected to be paid monthly rather than weekly, bi-weekly, or semi-monthly.

17. For example, on August 26, 2024, Defendant paid Plaintiff Monks in the gross amount of $4,823.87 for the pay period commencing on August 1, 2024 and ending August 31, 2024, even though Plaintiff Monks never elected to be paid monthly.

18. Defendant should have paid Plaintiff Monks the gross amount of approximately $2,411.94 no later than August 21, 2024, for the work he performed during the first fifteen days of the month. Delaying Plaintiff Monks' salary payment deprived him of those funds in violation of Massachusetts law. *See* M.G.L. c. 149 § 148.

### V.     CLASS ACTION ALLEGATIONS

19. Plaintiffs bring this Action individually, and on behalf of all other members of the Class.

20. The Class is defined as follows:

All Massachusetts employees of Defendant who were paid on a monthly basis,

4

including, but not limited to, Store Managers, District Managers, Healthcare Supervisors, Directors of Pharmacy and Retail Operations, Regional Healthcare Directors, Regional Vice Presidents, HR Managers, Regional Market Managers, Regional Store Care Mnaagers, Asset Protection Managers, and Asset Protection Directors, during the three years immediately preceding the filing of this complaint, and continuing through July 3, 2025.

21.  Class certification for this Massachusetts state law claim is appropriate under Rule 23 of the Federal Rules of Civil Procedure because all of the requirements of Rule 23 are met.

22.  The Class is so numerous that joinder of all Class Members is impracticable. Upon information and belief, there are hundreds of workers who were employed by Defendant and subjected to the policies and/or practices challenged herein during the period of the claim.

23.  There are questions of law and fact common to the Class, including whether Defendant's policy and/or practice of paying its salaried employees on a monthly basis violates the Wage Act, and whether Class Members elected to be paid in this manner.

24.  The claims of Plaintiffs are typical of those of the Class Members. The claims of the Plaintiffs encompass Defendant's challenged course of conduct. Furthermore, the claims of the Plaintiffs are based on the same legal theories as the claims of the Class Members. The legal issues as to the violation of the Wage Act by Defendant's conduct applies equally to Plaintiffs and to the Class.

25.  Plaintiffs will fairly and adequately protect the interests of the Class. The claims of the Plaintiffs are not antagonistic to those of the Class and Plaintiffs have hired counsel skilled in the prosecution of class actions.

26.  Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action is the superior method of

adjudication because it presents few management difficulties, conserves the resources of the Parties and the court system, protects the rights of each Class Member, and maximizes recovery to the Plaintiffs and the Class.

## VI.    LEGAL CLAIMS

### COUNT I: Violation of the Massachusetts Wage Act – Late Payment of Wages
### By Plaintiffs and the Class

27.     Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

28.     Prior to July 3, 2025, Defendant maintained a policy to pay the Class their regular wages monthly on the 26th day of each month, even though Plaintiffs and the Class Members did not elect to be paid monthly. *See* M.G.L. c. 149 § 148.

29.     Defendant's policy of paying its salaried employees on the 26th day of each month resulted in all wages earned during the first half of the month being paid approximately five days late, and denied Plaintiffs and the Class the prompt and timely payment of their wages and the use of those wages, all in violation of the Wage Act. *Id.*

30.     As a result, Defendant is liable to Plaintiffs and the Class for three times the amount of the late-paid wages, plus interest, costs, and attorneys' fees. *See* M.G.L. c. 149 § 150; *Reuter* at 781.

## VII.    DEMAND FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that the Court:

A.      Certify this Action as a class action pursuant to M.G.L. c. 149 § 148;

B.      In the alternative, certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.        Appoint Plaintiffs as Class Representatives;

D.        Appoint the undersigned as Class Counsel;

E.        Award Plaintiffs and the Class treble damages pursuant to M.G.L. c. 149 §§ 148; 150;

F.        Award Plaintiffs and the Class all pre-judgment and post-judgment interest on these damages pursuant to M.G.L. c. 149 §§ 148; 150;

G.        Award a service award to Plaintiffs;

H.        Award attorneys' fees and costs incurred by Plaintiffs in prosecuting this Action pursuant to M.G.L. c. 149 §§ 148; 150; and

I.        Award such other relief as the Court deems just.

## VIII. JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, demands a trial by jury as to the allegations contained in this Complaint.

Dated: September 5, 2025

Respectfully submitted,

The Plaintiffs,
JAMIE MONKS and MICHAEL PASHKO,
individually and on behalf of all others
similarly situated,
By their Attorneys,

*/s/ Raymond Dinsmore*
Raymond Dinsmore, Esq. (BBO #667340)
Ryan B. Guers, Esq. (BBO #713870)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Phone: (413) 785-1400
Fax: (860) 218-9555
Email: rdinsmore@hayberlawfirm.com
          rguers@hayberlawfirm.com

*/s/ Richard E. Hayber*
Richard E. Hayber, Esq. (BBO #569131)
Thomas J. Durkin, Esq.*
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Phone: (860) 522-8888
Fax: (860) 218-9555
Email: rhayber@hayberlawfirm.com
          tdurkin@hayberlawfirm.com

*pro hac vice anticipated

*Attorneys for Plaintiffs and the Putative Class Members*

9

**CERTIFICATE OF SERVICE**

    I, Raymond Dinsmore, hereby certify that this document, filed through the CMECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 5, 2025, and to unregistered participants via email.

                                                                   _/s/ Raymond Dinsmore_
                                                                   Raymond Dinsmore